IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 26-1231

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

THE STATE OF OREGON, *et al.*,

Defendants-Appellees

OUR OREGON; DAN DILULIO; EMMA CRADDOCK; STEPHEN GOMEZ,

Defendants-Intervenors-Appellees

ON APPEAL FROM THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

APPELLANT'S OPPOSED MOTION TO CONSOLIDATE APPEALS

The United States respectfully moves this Court, pursuant to Federal Rule of Appellate Procedure 27(a), for an order consolidating the above-captioned appeal with *United States v. Weber* (No. 26-1232). In support of this motion, the United States submits as follows:

1. The United States filed these two underlying actions in the Central District of California and the District of Oregon on September 2,

- 1 -

2025, and September 16, 2025, respectively. *United States v. Weber*, No. 2:25-cv-9149 (C.D. Cal.) (*Weber*), ECF No. 1; *United States v. Oregon*, No. 6:25-cv-1666 (D. Or.) (*Oregon*), ECF No. 1. In both cases, the United States sought production of the States' statewide voter registration list under, among other statutes, the Civil Rights Act of 1960. *Weber*, ECF No. 1 at 16; *Oregon*, ECF No. 1 at 21.

2. In both cases, defendants and intervenors-defendants moved to dismiss the United States' suits for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Weber*, ECF Nos. 37, 62, 67; *Oregon*, ECF Nos. 31-32. In both cases, the district court granted the defendants' and defendants-intervenors' motions to dismiss. *Weber*, ECF No. 128; *Oregon*, ECF No. 73. The United States filed notices of appeal in both cases on February 25, 2026. *Weber*, ECF No. 131; *Oregon*, ECF No. 76.

3. Both appeals present identical and purely legal questions regarding the Attorney General's legal authority under the Civil Rights Act to obtain the requested records from state election officials. Neither appeal involves factual records and, in any event, the facts alleged in both

cases are materially identical. *Compare Weber*, ECF No. 1 ¶¶ 32-45, *with Oregon*, ECF No. 1 ¶¶ 34-64.

4. Consolidation of the two appeals would avoid needless repetition and duplication of the briefing and record in these cases, thereby assisting the Court in its timely review of the United States' appeals. Such efficiency is particularly important given the time-sensitive nature of the Attorney General's records request, which are intended to evaluate California's and Oregon's compliance with federal election laws in the lead-up to the 2026 election.

5. The United States also requests that, upon consolidation, it be permitted to file a single consolidated appellant brief in these appeals.

6. Appellees' counsel informed the United States that they oppose consolidation.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests an order consolidating the above-captioned appeal with *United States v. Weber* (No. 26-1232).

Respectfully submitted,

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Principal Deputy Assistant Attorney
  General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
DAVID N. GOLDMAN
CHRISTOPHER C. WANG
  Attorneys
  Department of Justice
  Civil Rights Division
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 532-3803