IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————

No. 26-1231

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

THE STATE OF OREGON, *et al.*,

Defendants-Appellees

OUR OREGON; DAN DIIULIO; EMMA CRADDOCK;
STEPHEN GOMEZ,

Defendants-Intervenors-Appellees

———————————

ON APPEAL FROM THE ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF OREGON

———————————

UNITED STATES' REPLY TO DEFENDANTS-APPELLEES' AND
INTERVENORS-APPELLEES' RESPONSES IN OPPOSITION TO
UNITED STATES' EMERGENCY MOTIONS TO EXPEDITE AND
CONSOLIDATE

———————————

**INTRODUCTION**

Appellees Oregon Secretary of State Tobias Read and the State of

Oregon (Oregon), Our Oregon, Dan Diiulio, Emma Craddock, and

Stephen Gomez (Intervenors) oppose the United States' Motion to Expedite and Motion to Consolidate on several grounds, but none of these arguments warrant this Court denying the United States' Motions.[1] This appeal is similar to other appeals related to elections procedures where this Court has granted an expedited schedule. The United States did not undertake dilatory litigation tactics in the district court and has pressed for records from Oregon since prior to the initiation of this lawsuit. Oregon will not be harmed by an expedited appeal. Further, this matter is ripe for consolidation with *United States v. Weber, et al.* (No. 26-1232) as even Oregon concedes that the cases involve related legal issues.

## ARGUMENT

### I. This Court should expedite briefing in this appeal.

#### A. The requested statewide voter registration list (SVRL) is necessary for core election administration procedures.

Oregon incorrectly states that "this case is not about election procedures at all." Or. Resp. in Opp., C.A. Doc. 23 (Or. Opp.), at 12.[2]

---

[1] Because Oregon filed a combined response to both of the United States' Motions, the United States replies in support of both Motions in this Reply.

[2] "C.A. Doc. ___, at ___" refers to the docket entry and page number at the top of documents filed in this Court. "Doc. __, at __" refers to the

Intervenors make similar arguments as to why this appeal is not like other election-related appeals where this Court has granted an expedited schedule. *See* Intervenors Resp. in Opp., C.A. Doc. 21 (Int. Opp.), at 12-15. This mischaracterizes the fundamental purpose of a SVRL because a SVRL is inherently linked to almost all "elections procedures."

The Help America Vote Act (HAVA) requires States to maintain accurate and current voter registration lists. *See* 52 U.S.C. 21083. The National Voter Registration Act (NVRA) and HAVA contain provisions designed to help the federal government ensure that States are overseeing federal elections in a fair and honest manner and "to protect the integrity of the electoral process." 52 U.S.C. 20501(b)(3). Those statutes' requirements include recordkeeping obligations, 52 U.S.C. 20507(i)(1), and the duty to make reasonable efforts to maintain lists of eligible voters that do not include the names of ineligible voters, 52 U.S.C. 20507(a)(4)(A)-(B), 21083(a)(1)(A). The SVRL is a multifunction tool for elections to proceed and must be complete and accurate to allow for poll workers to complete their many pre-election day and election day

---

docket entry and page number at the bottom of documents filed in the district court, No. 6:25cv1666 (D. Or.).

tasks including to "authenticate, prepare, and mail absentee ballots; examine, verify, and count completed absentee ballots as electors return them; . . . [and] compile a list of eligible electors who have not voted early." *Mays v. LaRose*, 951 F.3d 775, 787 (6th Cir 2020).

**B.     Oregon will suffer no harm if this appeal is expedited.**

Expediting this appeal would not harm Oregon. The appeal centers on a narrow issue of statutory interpretation following an Order granting Oregon's Motion to Dismiss—namely, whether the Department of Justice's (DOJ's) demand for an electronic, unredacted copy of Oregon's SVRL contained a sufficient basis and purpose—and does not require evaluating an in-depth factual record. Moreover, as the United States pointed out in its Motion to Expedite (at 15), a prompt resolution of this appeal will enable Oregon to conduct its upcoming election without the specter of ineligible voters remaining on its voter rolls. An expedited appeal therefore serves the interest of both sides.

**C.     The United States has consistently acted with urgency in this matter.**

Appellees argue that the Motion to Expedite should be denied because "plaintiff has failed to act expeditiously in this litigation." Or.

- 4 -

Opp. 9-10; Int. Opp. 3 ("DOJ's failure to proceed expeditiously justifies denying its Motion.") But the United States has pursued its requested relief under Title III of the Civil Rights Act (CRA), 52 U.S.C. 20701 *et seq.*, which provides an inherently expedited process.

Title III provides "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962). The Attorney General may come to court and seek an order to produce the requested records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Ibid.* The special proceeding is "summary" in "nature" and neither "plenary [n]or adversary." *In re Gordon*, 218 F. Supp. 826, 826-827 (S.D. Miss. 1963); *see Kennedy v. Bruce*, 298 F.2d 860, 863 (5th Cir. 1962) (noting that this procedure "does not amount to the filing of a suit of any kind"). Once the Attorney General provides a "simple statement" that demand has been made and refused, "[t]he Court, *with expedition*, should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down *without delay* for suitable hearing on the

matters open for determination." *Lynd*, 306 F.2d at 226 (emphasis added).

Appellees further fault (Int. Opp. 8; Or. Opp. 1, 5-6, 10) the United States for moving to stay the case during the government shutdown without acknowledging that—as the United States informed the district court in its stay motion—DOJ attorneys were "*prohibited* from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" Doc. 22, at 2 ¶ 2 (emphasis added) (quoting 31 U.S.C. 1342).

**D.  Intervenors incorrectly assert that the United States cannot secure favorable relief prior to the 2026 election.**

Intervenors contend (Int. Opp. 12-19) that it is futile for the United States to seek expedited briefing on appeal because even with a favorable ruling "all that will happen is that the matter will be remanded to the district court for further trial court proceedings," which are unlikely to "be . . . swift." Int. Opp. 15; *see also id.* at 16. That is incorrect.

As the United States has argued from the beginning of this case, proceedings under Title III are "summary" in "nature" and neither "plenary [n]or adversary." *In re Gordon*, 218 F. Supp. at 826-827; *see*

- 6 -

*Bruce*, 298 F.2d at 863 (noting that this procedure "does not amount to the filing of a suit of any kind"). The court does not entertain "any other procedural device or maneuver—either before or during any hearing of the application—to ascertain the factual support for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose therefor' as set forth in the written demand." *Lynd*, 306 F.2d at 226 (quoting former 42 U.S.C. 1974b). Rather, "[t]he Court, with expedition, should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down without delay for suitable hearing on the matters open for determination." *Ibid.*

In short, a favorable ruling from this Court would result in the summary proceedings that the United States has sought below.

## E.     Intervenors misunderstand the laws at issue.

Intervenors assert that a voter list that includes ineligible voters, including noncitizens, is not contrary to the law, and that the United States has misinterpreted the laws that it enforces. Int. Opp. 13-14. While the NVRA requires Oregon to make "reasonable effort[s]" to remove ineligible voters from its rolls, 52 U.S.C. 20507(a)(4)—something that Oregon is refusing the United States' assistance to do in this

- 7 -

lawsuit—multiple other laws require Oregon to take affirmative steps to clean its voter rolls. One purpose of the NVRA is to "protect the integrity of the electoral process" and "ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. 20501(b)(3)-(4). Consistent with these purposes, the NVRA requires each State to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of . . . the death of a registrant; or . . . a change in residence of the registrant." 52 U.S.C. 20507(a)(4)(A)-(B).

Similarly, HAVA requires the appropriate state or local election official to perform list maintenance with respect to the centralized, computerized SVRL required under HAVA "on a regular basis." 52 U.S.C. 21083(a)(1)-(2). HAVA also requires that States have "[a] system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters." 52 U.S.C. 21083(a)(4)(A)-(B). HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records." 52 U.S.C. 21083(a)(4). HAVA Section 303 provides that a State's "election system shall include provisions to ensure that voter registration records in the

State are accurate and are updated regularly[.]" *Ibid.* HAVA also vests the Attorney General of the United States with sole authority to "bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 21081, 21082, 21083, and 21083a of [HAVA]." 52 U.S.C. 21111.

**F.    The proposed alternative briefing schedule is inequitable to the United States.**

In the alternative, Oregon proposes that, assuming this case is consolidated with *United States v. Weber, et al.* (No. 26-1232), *see* Part II, *infra*, the Court set the same expedited briefing schedule as California and its intervenors suggest in that case: the United States' opening brief is due Wednesday, March 18, 2026; Oregon's and Intervenors' answering briefs are due Monday, May 18, 2026; and the United States' optional reply brief is due Monday, June 8, 2026. Or. Opp. 13. This proposed schedule provides the parties with substantially different lengths of time to draft their briefs.

Briefing deadlines (and the parties' relative length of time to write their briefs) are set in reference to the creation and development of the court of appeals docket—not, as Oregon would have it, the date of the district court decision. Fed. R. App. P. 31(a)(1); *see* Fed. R. App. P. 10. It is true in every case that the appellant could conceivably begin writing its appellate brief from the date of an adverse decision (*see* Or. Opp. 13), but that is not how appellate procedure works.

When that erroneous premise is stripped away, it is clear that Oregon's schedule is not fair to both sides as it gives the United States a matter of days to file its opening brief and then Appellees two months to file a response. Or. Opp. 13.

If the Court is inclined to issue a modified expedited schedule, then the United States proposes the following modified briefing schedule: the United States' opening brief is due Wednesday, March 25, 2026; Oregon's and Intervenors' answering briefs are due Wednesday, April 15, 2026; and the United States' optional reply brief is due Wednesday, April 22, 2026. Amicus briefs are due seven days after the principal brief of the party being supported is filed.

This schedule provides an equitable amount of time for all parties. It is similar to the briefing schedule the Sixth Circuit recently issued in *United States v. Benson*, No. 26-1225, an appeal addressing a similar demand of the United States for a State's SVRL. *See* Att. 1 (Sixth Circuit Order setting expedited briefing schedule).[3]

## II. Oregon concedes this case and *Weber* involve related legal questions and thus should be consolidated.

Oregon concedes that this matter and *United States v. Weber, et al.* (No. 26-1232) "likely involve *related* legal questions." Or. Opp. 8. The United States agrees. And those issues are all the interpretation of Federal law—namely Section 303 of the CRA, which gives the Attorney General authority to demand records and papers from election officials, 52 U.S.C. 20703; Section 8(a)(4) of the NVRA, which requires each State to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters," 52 U.S.C. 20507(a)(4); HAVA's grant to the Attorney General of authority to

---

[3] The fact that the Sixth Circuit saw an expedited schedule as appropriate under similar circumstances belies Intervenors' claim that expedited briefing would "give short shrift to the important issues in this case" and "be antithetical to [a] full deliberation" of the issues. Int. Opp. 11.

- 11 -

"ensure[] . . . duplicate names are eliminated from the computerized list," 52 U.S.C. 21083(a)(2)(B); and the application of the Privacy Act, 5 U.S.C. 552a(a)(1). These same legal issues are involved in *Weber*. As Intervenors state, this "appeal is solely about whether DOJ stated viable claims for relief under those statutes sufficient to survive Rule 12(b) motions." Int. Opp. 12 (emphasis omitted).

Combining these matters will promote judicial economy, reduce duplication of effort, and prevent inconsistent decisions across related cases. While the United States agrees with Appellees that for the purposes of oral argument, these cases should be combined, that same principle applies to the briefing as legal issues predominate over factual issues in these cases. In both cases the DOJ made a written demand for voting records under the CRA and in both cases the States have declined.[4]

---

[4] Oregon's contention (Or. Opp. 8-9) that the legal issues here cannot be "identical" because the United States "brought different suits against different states in different venues challenging different state election systems, which resulted in different parties and different legal rulings" is perplexing. The United States could not have sued Oregon and California officials in a single proceeding due to the CRA's venue provision, 52 U.S.C. 20705, and likely personal-jurisdiction objections. Moreover, this case is not about particular state election systems but compliance with materially identical demands made under *federal* law.

## CONCLUSION

The court should grant the United States' Motions to Expedite and Consolidate this matter.

Respectfully submitted,

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Principal Deputy Assistant
  Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
DAVID N. GOLDMAN
CHRISTOPHER C. WANG
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 532-3803

Date: March 16, 2026

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(C) because the reply contains 2310 words, excluding the parts exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f). This reply also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
Attorney

Date: March 16, 2026

14

# ATTACHMENT 1

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed:  March 11, 2026

Ms. Kelsey E. McGee
U.S. Department of Justice
Civil Rights Division, Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, DC 20044-4403

    Re:  Case No. 26-1225
      *USA v. Jocelyn Benson, et al*
      Originating Case No. 1:25-cv-01148

Dear Counsel,

   The expedited briefing schedule is listed below.  <u>Motions for extension of time will not be granted absent the most compelling circumstances.</u>

   Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages.  When citing a sealed document to which counsel has been denied access to the paginated version in the lower court, please refer to the docket entry number and the page number of the document, e.g., Sealed RE 25, page 3.  Consult 6 Cir. R. 28(a)(1).

| | |
|---|---|
| Appellant's Principal Brief<br>Appendix (if required by 6 Cir.<br>  R. 30(a)) | Filed electronically by **March 23, 2026** |
| Appellee's Principal Brief<br>Appendix (if required by 6 Cir.<br>  R. 30(a) and (c)) | Filed electronically by **April 13, 2026** |
| Appellant's Reply Brief<br>(Optional Brief) | Filed electronically **7** days after<br>the appellee's brief. |

For most appeals, the Court will access directly the electronic record in the district court.  However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard.  *See* 6 Cir. R. 34(a).  If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

In scheduling appeals for oral argument, the court will make efforts to avoid dates that counsel have previously brought to its attention as presenting a conflict during weeks when the court is scheduled to sit.  The court's sitting schedule may be found at http://www.ca6.uscourts.gov/oral-argument-calendars.  Because cases are set for calendar early in the case, counsel should provide as soon as possible any dates of unavailability during the next nine months, preferably no later than the filing of the appellee's brief.  Counsel should use the "Counsel Unavailability Form" located on the court's website.  If subsequent conflicts arise, counsel should notify the court as soon as possible.

Sincerely yours,

s/Kelly Stephens

Appeal Case Manager: Roy
Direct Dial No. 513-564-7016

cc: Mr. Joshua Charles Abbuhl
   Ms. Aria Branch
   Mr. Andrew Braniff
   Mr. David N. Goldman
   Mr. Erik A. Grill
   Mr. Branden D. Lewiston
   Ms. Heather S. Meingast
   Mr. Eric Neff
   Ms. Renata O'Donnell
   Ms. Sarah S. Prescott
   Mr. Derek Anthony Zeigler

Enclosure

# CHECKLIST FOR BRIEFS

▪ Briefs and filing requirements are found in the Federal Rules of Appellate Procedure (FRAP) and the Sixth Circuit Local Rules (6 Cir. R.), located on the court's website. File the correct brief *type* (e.g. appellant, appellee, petitioner, respondent, 1ˢᵗ, 2d) *only* in the appropriate case. *During filing of the brief, deselect any inapplicable case* in CM/ECF by unchecking the inapplicable case numbers. In cross-appeals, file all briefs in all cases, unless you are a party to only one cross-appeal.

▪ Appellants filing one notice of appeal must file a single brief unless permission is granted for separate briefs. See FRAP 3(b)(1).  Appellants file one reply brief regardless of the number of appellee briefs.

▪ Redact personal information. FRAP 25(a)(5) and rules cited therein provide guidance.

▪ File briefs in PDF, preferably searchable native PDF. 6 Cir. R. 25(a)(2); PACER website.

## BRIEF COMPONENTS

▪ Brief components must appear in the brief in the order indicated below. FRAP 28(a).

▪ I.  COVER. Colored covers are not required for electronically filed briefs. Do include:

- Sixth Circuit Case Number(s).
- Name of the Court: "United States Court of Appeals for the Sixth Circuit."
- Title of the Case: *Smith v. Jones*.
- Nature of proceeding and court or agency below.
- Title identifying the party: e.g., "Brief of Appellee Lawrence Litigant"
- Name, address, and telephone number of counsel. FRAP 32(a)(2)

▪ II.  CORPORATE DISCLOSURE. Consult FRAP 26.1 and 6 Cir. R. 26.1 for applicability.

▪ III.  TABLE OF CONTENTS. Page references are required. FRAP 28(a)(2) and (b).

▪ IV.  TABLE OF AUTHORITIES. FRAP 28(a)(3) and (b).

- Alphabetize case citations; include statutes and other authorities.
- Include references to the page in the brief where specific authority is cited.

- V. STATEMENT IN SUPPORT OF ORAL ARGUMENT. FRAP 34; 6 Cir. R. 34.

  - A party desiring oral argument must include a statement explaining why the court should hear argument. 6 Cir. R. 34(a). **CAUTION**: When filing the brief in CM/ECF, do not choose "argument requested" unless the brief contains an unambiguous statement giving reasons in support of argument. If the court decides to hear argument, no eligible party will be excluded based on a failure to request argument. Also see 6 Cir. R. 28(b)(1)(B).

---

*Items in this box are included in the applicable page and/or word counts. FRAP 32(f).*

- VI. STATEMENT OF JURISDICTION - *See* FRAP 28(a)(4); four areas must be addressed. Appellee need not include this statement *if in agreement with appellant*. FRAP 28(b).

- VII. STATEMENT OF ISSUES - *See* FRAP 28(a)(5). Appellee need not include this statement *if in agreement with appellant*. FRAP 28(b).

- VIII. STATEMENT OF THE CASE - *See* FRAP 28(a)(6); (b)

  - Concise statement of the case setting out the facts relevant to the issues presented with description of procedural history, and identification of rulings presented for review and references to the record. A separate statement of facts is not required. FRAP 28(a)(6).
  - Appellee need not include this statement *if in agreement with appellant*.

- IX. SUMMARY OF THE ARGUMENT - Succinct, clear, and accurate statement of the argument(s) that does not merely repeat the argument headings. FRAP 28(a)(7).

- X. ARGUMENT

  - Include the "contentions and reasons for them." FRAP 28(a)(8)(A).
  - Citations to the relevant authorities and record parts. FRAP 28(a)(8)(A).
  - **Include the standard of review for each issue**. FRAP 28(a)(8)(B); (b). Appellee need not include this statement *if in agreement with appellant*.

- XI. CONCLUSION

  - State the precise relief sought. FRAP 28(a)(9).
  - Filing attorney(s) signature(s) required: s/(Attorney's Name). 6 Cir. R. 25(d)(1).

---

- XII.  CERTIFICATE OF COMPLIANCE: As required under FRAP 32(g) (effective December 1, 2016).

- XIII.  CERTIFICATE OF SERVICE: Is required if one or more parties will not be served electronically. Must state the date and method of service, the name of the person(s) served, and the address(es) at which non-electronic service was made. *See* FRAP 25(d).

- XIV.  ADDENDUM

  - Designation of relevant originating court documents with Page ID # range, if applicable. 6 Cir. R. 28(b)(1)(A)(i). (See "Citations to the Record" below.)
  - Consult 6 Cir. R. 30(g) for types of documents that must be designated.
  - May include relevant statutes, rules, regulations.
  - Must include copies of decisions "not available in a publicly accessible electronic database." FRAP 32.1(b); 6 Cir. R. 32.1(a).

## CITATIONS TO THE RECORD

- Appeals from the district courts. 6 Cir. R. 28(a)(1). Each citation must include:

  - Short description of record item: Motion for Summary Judgment; Order; Transcript.
  - Docket entry number: RE 25, R. 13. *"RE," "R." preferred; avoid "D", "DE", or "Doc."*
  - Page ID # range for the relevant portion of the document: Page ID # 220-227. The Page ID # is in blue on the header or footer of the PDF document when it is opened from the district court's docket. When citing to a sealed document to which counsel has been denied access and therefore cannot see Page ID #, explain in a footnote and refer to the docket entry number and page number. E.g., sealed entry 23, page 3.

---

### EXAMPLES OF ACCEPTABLE CITATIONS

- o  Motion for Summary Judgment, RE 23, Page ID # 120-145
- o  Transcript, R. 52, Page ID ## 675-682
- o  Agency Record, RE 12, Page ID # 190-191 (this applies when an administrative record is filed in district court, e.g., Social Security or ERISA cases).

---

- Other appeals. 6 Cir. R. 28(a)(2). In petitions for review of agency decisions, cite to the page number of the administrative record or the appendix. Page ID #'s do not apply.

- Placing citations and references within the brief text is preferred over footnote references.

## BRIEF LENGTH, FORMATTING, and TYPEFACE

- Typefaces: *see* FRAP 32(a)(4), (5), and (6). Briefs must be double-spaced.

  - Either a proportionally spaced font at 14 pt. (such as Times New Roman), or
  - Monospaced font not exceeding 10 1/2 characters per inch (such as Courier New at 12 point).
  - The court asks footnotes be in the same font size as text.

- Length of briefs: *see* FRAP 32(a)(7).

  - Principal: 30 pages OR up to 13,000 words OR 1,300 lines of monospaced typeface.
  - Reply: 15 pages OR up to 6,500 words OR 650 lines of a monospaced typeface.
  - Include a certificate of compliance if over 30 pages. FRAP 32(g).
  - Headings, footnotes, quotations count in word and line limitations. *See* 6th Cir. R. 32(b) for items excluded from the length limits.

- Briefs for cross-appeals: *see* FRAP 28.1; Amicus briefs: *see* FRAP 29, 32.