

**U.S. Department of Justice**

Civil Rights Division

---

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC  20044-4403*

May 1, 2026

**<u>VIA CM/ECF</u>**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re: *United States v. Oregon*, No. 26-1231 (9th Cir.) (oral argument scheduled for May 19, 2026)—Appellant United States' Response to Appellees' Rule 28(j) Letter

Dear Ms. Dwyer:

The United States submits this letter in response to intervenors' Citation of Supplemental Authority filed April 28, 2026. In *United States v. Fontes*, No. 2:26cv66, 2026 WL 1145626 (D. Ariz. Apr. 28, 2026), the district court ruled that Arizona's statewide voter list (SVRL) is not a record required to be preserved under 52 U.S.C. 20701. The court concluded that to hold otherwise creates a conflict between 52 U.S.C. 20702, preventing the alteration of Section 20701 records, and the National Voter Registration Act (NVRA) and the Help America Vote Act (HAVA), requiring States to update voter lists. *Id.* at *5. The court also found persuasive *United States v. Benson*, No. 1:25-cv-1148, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal pending*, No. 26-1225 (6th Cir.), holding the phrase "come into his possession" limits the reach of Section 20701 to documents the State obtains from voters. *Fontes*, No. 2:26cv66, 2026 WL 1145626, at *4, *7 (citation modified).

*Fontes* is incorrect as to the meaning of "willfully . . . alter[]" in 52 U.S.C. 20702. *See Fischer v. United States*, 603 U.S. 480, 487 (2024) (analyzing a similarly worded provision). In context, "alter" describes actions taken to make a document unavailable, inaccessible, or inaccurate for evidentiary purposes. *See id.* at 489-490. Performing list maintenance under HAVA is therefore not "alter[ing]" the SVRL at all, let alone "willfully," *United States v. Solakyan*, 119 F.4th 575, 592 (9th Cir. 2024), *cert. denied*, 146 S. Ct. 91 (2025).

The court also overlooked the broadening effect of the term "*relating to*" in Section 20701, which expands the scope of records the State must preserve far beyond the list of documents specified in Section 20701. *See* U.S. Reply Br. 21-22. And the phrase "come into his possession" does not restrict the reach of the term "relating to" or impose a requirement that records be created by the voter. *See* U.S. Br. 33-38; U.S. Reply Br. 17-22; *United States Dep't of*

- 2 -

*Just. v. Tax Analysts*, 492 U.S. 136, 144-145 (1989) (demonstrating that materials that "have come into [an] agency's possession" can also have been created by that agency).

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via CM/ECF)