

1700 Seventh Ave, Suite 2100 | Seattle, WA 98101

May 13, 2026

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

**Re: Response to Rule 28(j) Letter Submitted in *United States v. Oregon*, Case No. 26-1231, Calendared for Oral Argument May 19, 2026**

Dear Ms. Dwyer:

Intervenors-Appellees respond to DOJ's 28(j) letter regarding a DOJ Office of Legal Counsel ("OLC") opinion. *See* Dkt. No. 70.1.

The OLC opinion is effectively an unauthorized surreply in which one DOJ office opines that another DOJ office's litigation position is correct. The timing is revealing: Though DOJ sued Oregon on September 16, 2025, the OLC opinion is dated May 12, 2026—just one week before argument in this case, and the day before argument in a parallel case before the Sixth Circuit. *See United States v. Benson*, 26-01225. And unlike a typical OLC opinion, this one explicitly concerns arguments advanced in active litigation, citing and responding to briefs filed by counsel for Intervenor-Appellees in other parallel cases. Dkt. No. 70.1 at, *e.g.*, 7 n.7, 8 n.9. Even setting aside the default rule that agency opinion letters are afforded no deference, s*ee Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000), this legal brief dressed up as an OLC opinion should be given no weight.

On the merits, the OLC opinion adds nothing to support reversal—in fact, it often confirms Intervenors' position in this litigation. As just one example, OLC contends that "[i]f Congress had meant to limit section 303 to materials that a third party has provided state election officers, it had other, more specific words available," such as "receive." Dkt. No. 70.1 at 9. In the same breath, OLC defines

May 13, 2026
Page 2

"receive" to as "[*t*]*o come into possession of*, get, acquire, or the like, from any source outside of oneself," and to "indicate[] a transfer of possession from one person . . . to another[.]" *Id.* (emphasis added) (quotations omitted). Those definitions buttress Intervenors' argument that the CRA does not extend to voter lists. *See* Intervenors' Br. at 45–51. A state's voter list, which is a record created and maintained by election officials, does not fall within any understanding of the statutory language—not even OLC's.

May 13, 2026                                    Respectfully submitted,

                                               /s/*Abha Khanna*
                                               Abha Khanna
                                               Tyler Bishop
                                               Walker McKusick
                                               **ELIAS LAW GROUP LLP**
                                               1700 Seventh Avenue, Ste. 2100
                                               Seattle, WA 98101
                                               Tel.: (206) 656-0177
                                               akhanna@elias.law
                                               tbishop@elias.law
                                               wmckusick@elias.law

                                               Lalitha D. Madduri
                                               Christopher D. Dodge
                                               Jacob D. Shelly
                                               Branden D. Lewiston
                                               **ELIAS LAW GROUP LLP**
                                               250 Massachusetts Ave NW, Ste. 400
                                               Washington, DC 20001
                                               Tel.: (202) 968-4490
                                               lmadduri@elias.1aw
                                               cdodge@elias.1aw
                                               jshelly@elias.1aw
                                               blewiston@elias.law

                                               *Counsel for Intervenor-Appellees*

cc: All Counsel (via CM/ECF)

May 13, 2026
Page 3

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j) and Circuit Rule 28-6.

<u>/s/ *Abha Khanna*</u>
Abha Khanna