

1700 Seventh Ave, Suite 2100 | Seattle, WA 98101

May 21, 2026

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

**Re:     Rule 28(j) Letter Submitted in *United States v. Oregon*, Case No. 26-1231 *Argued May 19, 2026***

Dear Ms. Dwyer:

Pursuant to Rule 28(j) and Circuit Rule 28-6, Intervenor-Appellees advise the Court of orders in *United States v. Bellows*, No. 25-cv-468 (D. Me. May 21, 2026), ECF No. 114 (**Exhibit A**), and *United States v. Wisconsin Elections Commision* ("*WEC*"), No. 25-cv-1036 (W.D. Wis. May 21, 2026), ECF No. 89 (**Exhibit B**), dismissing parallel suits seeking voter registration lists ("VRLs") in Maine and Wisconsin.

*Bellows* dismissed DOJ's nearly identical complaint seeking Maine's unredacted VRL, holding it "is not a record that comes into the possession of state officials" under the CRA. Ex. A at 14. The court alternatively held that, even if the CRA could reach the VRL, assessing Maine's compliance with the NVRA's and HAVA's list maintenance provisions was not a proper purpose under the CRA, in light of its context and the structure and text of the NVRA and HAVA, which "create a comprehensive scheme . . . for the enforcement of" their list maintenance requirements. *Id*. at 17. If DOJ "wants to enforce" those statutes, "it must use the pre-suit investigation and enforcement mechanisms that Congress provided in" them; the CRA does not  authorize the compelled production of the unredacted VRL "so that [DOJ] might loom over the shoulder[s]" of states to point out purported inaccuracies in their lists. *Id*. at 18. These conclusions echo and buttress Intervenors' arguments for affirming here. *See* Intervenors' Br. 45-51 (arguing Oregon's VRL is outside scope of CRA); *id.* at 29-33 (arguing NVRA and HAVA provide tools for list maintenance enforcement).

May 21, 2026
Page 2

     *WEC* dismissed DOJ's complaint seeking Wisconsin's VRL, holding that the CRA does not extend to such lists. *See* Ex. B at 7-10. The district court rejected arguments that DOJ advanced here, such as the claim that the phrase "come into . . . possession" in the CRA creates a "temporal" distinction. DOJ Br. 37; *contra* Ex. B at 7. It also observed that DOJ could not explain "what it means to 'retain' or 'preserve' a document like a voter registration list that is updated on a near-constant basis." Ex. B. at 9; *see* Intervenors' Br. 51-53 (similar).

Respectfully submitted,

/s/ *Abha Khanna*
Abha Khanna
Tyler L. Bishop
Walker R. McKusick
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Ste. 2100
Seattle, WA 98101
Tel.: (206) 656-0177
akhanna@elias.law
tbishop@elias.law
wmckusick@elias.law

Lalitha D. Madduri
Christopher D. Dodge
Jacob D. Shelly
Branden D. Lewiston
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Ste. 400
Washington, DC 20001
Tel.: (202) 968-4490
lmadduri@elias.1aw
cdodge@elias.1aw
jshelly@elias.1aw
blewiston@elias.law

*Counsel for Intervenor-Appellees*
*Our Oregon, Dan DiIulio, Emma*
*Craddock, and Stephen Gomez*

cc: All Counsel (via CM/ECF)

May 21, 2026
Page 3

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j) and Circuit Rule 28-6.

<u>/s/ *Abha Khanna*</u>
Abha Khanna