

**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC  20044-4403*

June 26, 2026

**<u>VIA ACMS</u>**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re:  *United States v. Oregon*, No. 26-1231 (9th Cir.) (oral argument held May 19, 2026)—Appellant United States' Response to Intervenors' Rule 28(j) Letter

Dear Ms. Dwyer:

The United States hereby responds to intervenors' Citation of Supplemental Authorities filed June 25, 2026.

In a split decision in *United States v. Benson*, No. 26-1225 (6th Cir.), the court held that Michigan's SVRL is not a record that "come[s] into [an election officer's] possession," 52 U.S.C. 20701, because it is "internally generated."  Op.8-10; *accord United States v. DeMarinis*, No. 25-3934, 2026 WL 1780586, at \*4 (D. Md. June 18, 2026).  The court further stated that "officer[s] of election" need not "retain and preserve" the SVRL, 52 U.S.C. 20701, because "the NVRA and HAVA *require*

Michigan election officials to alter the [SVRL] routinely." Op.10; *accord DeMarinis*, 2026 WL 1780586, at \*5.

As Judge Nalbandian's dissent pointed out, the CRA contains no "external-source limitation." Op.18 n.3; U.S. Br. 33-38. The historical backdrop against which Title III was passed belies any such limitation. Op.20-21 (Nalbandian, J., dissenting) (discussing "voucher ind[ices]," discussed in the 1959 Report of the Commission on Civil Rights). The majority's reading would also produce bizarre results as it would exclude any self-generated list designating registrants "by race." *Id.* at 21 n.7. But even accepting an external-source limitation, Title III's "focus[] on individual 'officer[s] of election'" means that even if "Benson's employees generated the [SVRL]—and therefore didn't 'come into . . . possession' of the list themselves—Benson nonetheless 'c[a]me into . . . possession' of the file when her employees sent it to her." *Id.* at 21 (alterations in original; citations omitted); Reply Br. 20 n.6.

*Benson* also held that the DOJ's demand was inadequate because the "statement of the basis and purpose," 52 U.S.C. 20703, was spread out over multiple letters. Op.15-16. "The majority strain[ed] to bifurcate the two letters into discrete 'demands,'" but that approach "shuns the common-sense inquiry of whether the DOJ put Michigan on notice." *Id.* at 22-23 (Nalbandian, J., dissenting); U.S. Br. 24-26. "[T]he Attorney General needn't articulate a basis and a purpose in a single

- 2 -

- 3 -

communication." Op.23 (Nalbandian, J., dissenting) (citing 52 U.S.C. 20703). In any event, it is sufficient to incorporate by reference earlier letters into the final demand letter. *Ibid.*

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via ACMS)

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j) and Circuit Rule 28-6.

<u>s/ Andrew G. Braniff</u>
Andrew G. Braniff
Attorney


Date:  June 26, 2026