**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC 20044-4403*

August 19, 2026

**VIA ACMS**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
United States Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *United States v. Oregon*, No. 26-1231 (9th Cir.) (oral argument held May 19, 2026)—Appellant United States' response to intervenors-appellees' Rule 28(j) letter (C.A. Doc. 82)

Dear Ms. Dwyer:

The United States submits this letter in response to intervenors-appellees' Rule 28(j) letter, filed August 19, 2026, which observed that the Sixth Circuit denied United States' petition for rehearing en banc of the divided panel decision dismissing the DOJ's demand for Michigan's SVRL under the CRA. *See United States v. Benson*, No. 26-1225, 2026 WL 2364306 (6th Cir. Aug. 14, 2026).[1] Importantly, a nine-judge majority of the Sixth Circuit agreed with the United States on two significant points.

[1] The other cited decisions in the letter err for the reasons the United States' August 5, 2026, response letter sets forth. C.A. Doc. 81.

First, five judges agreed with Judge Nalbandian's panel dissent, and four more judges indicated they "likely would have agreed with much of Judge Nalbandian's dissent if [they] had sat on the panel" and expressed "doubt over the panel opinion's interpretation of the phrase 'come into his possession' in Title III." 2026 WL 2364306, at *1-2 (Murphy, J., concurring). These judges endorsed Judge Nalbandian's conclusion that because "the language imposes a specific duty on an individual (each officer of election), not a general duty on the entire State of Michigan[,]" "the Secretary of State 'came into possession' of the voter-registration list when she assumed office in 2019." *Id.* at *2; *see also id.* at *9 (Griffin, J., dissenting) ("[W]hen the [SVRL] comes under Benson's official custody and control through the actions of those subordinates, it comes into her possession."), *14 (Thapar, J., dissenting) (similar).

Second, a majority of the Sixth Circuit concluded that the DOJ satisfied the "basis" and "purpose" component of Title III in a written demand that "was based on 'Title III[,]'" described "factual concerns with [the State's] voter-registration list" and "identified its purpose to 'assess' the State's 'compliance' with the NVRA's and HAVA's list maintenance requirements." 2026 WL 2364306, at *3 (Murphy, J., concurring); *see also id.* at *10 (Griffin, J., dissenting), *15 (Thapar, J., dissenting). Judge Murphy's concurrence concluded that "nothing in the

statute's text . . . limits the purposes for which the DOJ may request the records."

*Id.* at *4 (Murphy, J., concurring).

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via ACMS)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
Attorney

Date: August 19, 2026